UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AARON JUNIOR MABRY,

        Defendant.

_____/

Case No. 1:23-cv-252

Hon.
U.S. District Judge

## COMPLAINT

This is an action by the United States of America against Defendant Aaron Junior Mabry to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Defendant's receipt of Paycheck Protection Program ("PPP") funds to which he was not entitled:

### I. JURISDICTION AND VENUE

1. This action arises under the FCA and the common law.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a), and 1367(a).

3. The Court may exercise personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a) because Defendant can be found, resides, or transacts business in this District and has committed the alleged acts in this District.

4. Venue is proper in the Western District of Michigan pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) because Defendant can be found in this District and the subject transactions took place in the Southern Division of the Western District of Michigan.

## II. THE PARTIES

5. Plaintiff, United States of America, guarantees and funds certain loans through the Small Business Administration ("SBA").

6. Defendant Aaron Junior Mabry was a resident of Kent County, Michigan, at the filing of this civil action.

## III. THE PAYCHECK PROTECTION PROGRAM

7. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted in or around March 2020 and was designed to provide emergency financial assistance to millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to eligible small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). The program was modified and extended thereafter.

8. To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the

small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

9. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own money. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

10. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

11. The application process to obtain a PPP loan required the eligible recipient to make the following good faith certifications and acknowledgments:

    a. That the applicant was eligible to receive a PPP loan under the rules in effect at the time the application was submitted (the "PPP Rules");

b. That the uncertainty of current economic conditions made the loan request necessary to support the ongoing operations of the eligible recipient;

c. That the applicant was in operation on February 15, 2020, had not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;

d. That the funds would be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, or other covered costs under the PPP Rules;

e. That if the funds were knowingly used for unauthorized purposes, the federal government may find the individual legally liable for such charges as fraud;

f. That not more than 40 percent of the loan proceeds may be used for non-payroll costs;

g. That documentation verifying the number of full-time equivalent employees on payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities would be provided to the lender if required;

h. That the eligible recipient had not received and would not receive another loan under the PPP;

    i. That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects;

    j. That the applicant understood that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.00; under 15 U.S.C. § 645 by imprisonment of not more than two years and/or a fine of not more than $5,000.00; and, if submitted to a federally insured institution, under 18 U.S.C. § 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.00; and

    k. That the lender would confirm the eligible loan amount using the documents submitted by the applicant.

### IV. THE FALSE CLAIMS ACT

12. The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, provides for the award of treble damages and civil penalties for, among other things, knowingly causing the submission of false or fraudulent claims for payment to the United States Government.

13. The FCA provides, in pertinent part:

    (a) LIABILITY FOR CERTAIN ACTS.—

        (1) IN GENERAL.—Subject to paragraph (2), any person who—

            (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

5

> > (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
> >
> > . . .
> >
> > is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.
>
> * * *
>
> (b) DEFINITIONS.—For purposes of this section—
>
> > (1) the terms "knowing" and "knowingly"—
> >
> > > (A) mean that a person, with respect to information—
> > >
> > > > (i) has actual knowledge of the information;
> > > >
> > > > (ii) acts in deliberate ignorance of the truth or falsity of the information; or
> > > >
> > > > (iii) acts in reckless disregard of the truth or falsity of the information; and
> > >
> > > (B) require no proof of specific intent to defraud . . . .

31 U.S.C. § 3729.

14. The FCA reflects Congress's objective to "enhance the Government's ability to recover losses as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (1986), *available at* 1986 U.S.C.C.A.N. 5266.

15. A defendant violates the FCA when the defendant "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). Under the FCA, a claim includes a request for money. *Id.* § 3729(b)(2). Further, a claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment.

16.   A defendant also violates the FCA when the defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

## V.  ALLEGATIONS

17.   It is a violation of the FCA to knowingly obtain an SBA-guaranteed PPP loan that is not supplied in compliance with the PPP Rules, and to subsequently obtain forgiveness of such loan.

18.   Defendant was individually involved in obtaining one PPP loan and subsequently involved in obtaining forgiveness of the subject loan, in violation of the FCA.

19.   On or about February 7, 2021, Defendant applied for a PPP loan for $20,630.00 by submitting an application to a financial institution ("Bank 1").

20.   On or about March 9, 2021, Defendant's application was approved, and he received a PPP loan (SBA Loan #3453938408) in the amount of $20,630.00 based upon misrepresentations he made in the loan application submitted to Bank 1.

21.   Specifically, Defendant misrepresented his annual income and payroll costs, which were used in calculating the maximum loan amount for which Defendant was eligible.

22.   This misrepresentation caused Defendant to receive loan proceeds well in excess of what he would be entitled, if at all.

23.   Defendant knowingly used the PPP loan funds for unauthorized purposes beyond what was permitted by the terms of the loan and the statute.

24. Defendant knowingly misrepresented his use of the funds on the forgiveness application submitted for the PPP loan. Based on the false representations, the SBA forgave the subject loan on or about September 23, 2021.

25. The SBA paid $2,500.00 in processing fees to Bank 1 in connection with the PPP loan disbursed to Defendant.

26. On February 28, 2023, Defendant admitted guilt in a supervised release violation hearing adjudicating whether Defendant had violated the conditions of his supervised release. *See* Judgment, *United States v. Mabry*, No. 1:10-cr-280 (W.D. Mich. Feb. 28, 2023), ECF No. 270. Specifically, Defendant admitted that, sometime on or before February 5, 2021, he committed the crime of Making False Statements to the SBA, in violation of 18 U.S.C. § 1014.

27. Defendant submitted false statements and documents to Bank 1 that misrepresented the amount of eligible payroll for Defendant's use of the loan proceeds. These false statements in the loan application and forgiveness application were material to the payment of money by Bank 1 that was reimbursed by the SBA, causing damages to the United States.

## COUNT I –
## PRESENTATION OF FALSE OR FRAUDULENT CLAIMS
### (False Claims Act, 31 U.S.C. § 3729(a)(1)(A))

28. The United States realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint.

29. Defendant knowingly requested and obtained one PPP loan for an amount he was not entitled to, in violation of the PPP Rules.

30. Defendant knowingly requested and received forgiveness of the PPP loan, despite his failure to comply with the PPP Rules.

31. By virtue of these false claims, the United States was damaged for the full amount of the PPP loan and the processing fee paid to Bank 1, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT II –
## FALSE RECORDS OR STATEMENTS
### (False Claims Act, 31 U.S.C. § 3729(a)(1)(B))

32. The United States realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint.

33. Defendant knowingly submitted one PPP loan application that contained misrepresentations regarding his payroll costs and intended use of PPP funds.

34. Defendant subsequently knowingly submitted a PPP forgiveness loan application that misrepresented his use of the PPP funds and eligibility for loan forgiveness.

35. By virtue of these materially false statements, the United States was damaged for the full amount of the loans and the processing fees paid to Bank 1, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT III –
## UNJUST ENRICHMENT

36. The United States realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint.

37. This is a claim for the recovery of monies by which Defendant has been unjustly enriched.

38. By obtaining from the United States, through Bank 1, funds to which he was not entitled, Defendant was unjustly enriched, and the United States is entitled to damages in the amount of $20,630.00 and loan processing fees, plus interest, together with any other damages to be determined at trial.

## COUNT IV –
## PAYMENT BY MISTAKE

39. The United States realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint.

40. This is a claim for the recovery of monies the United States paid directly or indirectly to Defendant as a result of mistaken understandings of fact.

41. The United States' mistaken understandings of fact were material to its decision to approve and then forgive the PPP loan provided to Defendant.

42. The United States, acting in reasonable reliance on the truthfulness of the statements contained in the PPP loan application, approved a loan to Defendant to which he was not entitled.

43. The United States, acting in reasonable reliance on the truthfulness of the statements contained in the PPP loan forgiveness application, forgave the PPP loan when it was not eligible for forgiveness.

44. Thus, the United States is entitled to recoup the amount of the PPP loan plus any other amounts to be determined at trial.

## PRAYER FOR RELIEF

The United States requests that the Court enter judgment against Defendant and grant the following relief:

a) On Counts I and II (False Claims Act), awarding the United States treble the damages it sustained for (1) the $20,630.00 loan plus one percent interest applied from the date of the loans and (2) the $2,500.00 processing fee paid by the United States to Bank 1, together with the maximum civil penalties allowed by law;

b) On Count III (Unjust Enrichment), awarding the United States the amount by which Defendant was unjustly enriched;

c) On Count IV (Payment by Mistake), awarding the United States the amount mistakenly paid to Defendant;

d) Awarding the United States pre- and post-judgment interest, costs, and filing fees; and

e) Granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The United States hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: March 10, 2023          Respectfully submitted,

                                             MARK A. TOTTEN
                                             United States Attorney

                                             *s/ Andrew J. Hull*
                                             ANDREW J. HULL
                                             Assistant United States Attorney
                                             U.S. Attorney's Office
                                             Western District of Michigan
                                             P.O. Box 208
                                             Grand Rapids, MI 49503
                                             Tel: (616) 808-2045
                                             E-mail:  Andrew.Hull@usdoj.gov